# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

**JERMAINE D. CATHEY,**

    **Plaintiff,**

v.                                                                 **Case No. 3:17-cv-04177**

**C. O. ERWIN (FNU),**
**Western Regional Jail Officer;**
**C. O. DIAMOND (FNU)**
**Western Regional Jail Officer;**
**C. O. HARVEY (FNU)**
**Western Regional Jail Officer;**
**WEST VIRGINIA REGIONAL JAIL AUTHORITY,**

    **Defendants.**

## **MEMORANDUM OPINION and ORDER**

Pending is Plaintiff's Motion for Appointment of Counsel. (ECF No. 34). For the reasons that follow, the Court **DENIES** the motion, without prejudice to reconsideration of Plaintiff's request for counsel in the future.

Plaintiff has no constitutional right to counsel in an action brought under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915(e)(1) (2010); *see also Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir. 1975). Although the Court has some discretion in assigning counsel, the United States Court of Appeals for the Fourth Circuit has clearly stated that motions for the appointment of counsel in civil actions should be granted "only in exceptional cases." *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975). When determining whether a particular case rises to that level, the Court must consider the complexity of the claims in dispute and the ability of the indigent party to present them. *Whisenant v. Yuam,* 739

F.2d 160, 163 (4th Cir. 1984); *see also Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982). ("[N]o comprehensive definition of exceptional circumstances is practical. The existence of such circumstances will turn on the quality of two basic factors-the type and complexity of the case, and the abilities of the individuals bringing it.") (footnote omitted).

Here, Plaintiff argues that his case justifies the appointment of counsel because he cannot afford a lawyer and has not been trained in the law. Unfortunately, these are not "exceptional" grounds meriting the appointment of counsel. Moreover, while Plaintiff's incarceration undoubtedly makes it more difficult for him to prosecute his lawsuit, this circumstance does not, in and of itself, satisfy the "exceptional" standard. *See, e.g., Louis v. Martinez,* Case No. 5:08-cv-151, 2010 WL 1484302, at *1 (N.D.W. Va. Apr. 12, 2010). The undersigned has examined the complaint, his responses to the initial status conference order, and the motion for appointment of counsel. These documents are well-written and logical. In addition, Plaintiff has been articulate and rationale at the two status conferences held by the Court. Consequently, Plaintiff appears capable of presenting his claims at this stage of the litigation. Therefore, his motion must be denied.

It is so **ORDERED**.

The Clerk is instructed to provide a copy of this Order to Plaintiff and counsel of record.

**ENTERED:** August 29, 2018

Cheryl A. Eifert
United States Magistrate Judge